The judgment of the court (Slidell, J. recused himself, being a stockholder) was pronounced by
Rost, J.
The batture in front of the plaintiffs property within the limits of the town of Carrollton was originally leased by them to the defendants for a wood yard; the defendants after taking possession refused to pay rent; and, when sued, set up in defence that the town of Carrollton had imposed taxes upon their business and passed ordinances regulating it, which amounted to a disturbance, and liberated them from the payment of rent. On that issue there was against them for the rent a judgment to which they submitted. The lease has since been cancelled by mutual consent; but the defendants refuse to surrender the premises, on the ground that they are on a public place over which the plaintiffs have no claim, except that of naked ownership. They further allege that the town of Carrollton, in the exercise of the power vested in that corporation to regulate the use of the banks of the river within its limits, has designated this portion of the batture for wood yards, and has imposed and collected taxes upon their business ; whereby they have acquired the right to retain possession of the batture without any compensation being due to the plaintiffs for its use.
The plaintiffs demand that the defendants be expelled from the property, and compelled to pay the same rent which they paid under the lease.
The judgment of the district court was in conformity with the prayer of their petition, and the defendants appealed.
We have been referred by the counsel for the appellants to the case of Municipality No. Two v. Orleans Cotton Press, as decisive of this controversy. It appears to us that that case does not touch the question at issue. It was there held, that our laws secure to the public the use of the banks of navigable rivers, and that within the limits of incorporated towns, the municipal govern- *37 meat is authorized to regulate that use, and to cause to be removed from it works and constructions which interfere with it. But the regulations they make must be in furtherance of the specific public use to which the banks of rivers are subjected. L. C. 446.
The conversion of a portion of the batture in front of the town of Cai'rollton into a wood yard, is not one of those uses. It is a private destination of property which, so long as it continues, must inure to the benefit of the owner of the soil. If the corporation had the right to establish wood yards, they would have an equal right to establish brick yards and saw mills ; and by refusing to advance the present line of the levee they could enjoy forever, as owners the property of the plaintiffs. The rule laid down in Dennistoun v. John S. Walton, 8 Rob. 211, completely covers this case. See also Nichols v. Byrne, 11 L. R., 172.
The judgment is affirmed, with costs.